86 W. Corp. v Singh (2021 NY Slip Op 50141(U))

[*1]

86 W. Corp. v Singh

2021 NY Slip Op 50141(U) [70 Misc 3d 142(A)]

Decided on February 19, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 19, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, Brigantti, JJ.

570078/17

86 West Corp.,
Petitioner-Landlord-Respondent,
against
Harbinder Singh, Respondent-Tenant, and "John Doe,"
Respondent-Undertenant-Appellant, and "John Roe," "Jane Roe,"
Respondents-Undertenants.

Respondent-undertenant "John Doe" appeals from an order of the Civil Court of the City of
New York, New York County (Clifton A. Nembhard, J.), dated April 30, 2020, which granted
petitioner's motion for summary judgment of possession against him and denied
respondent-undertenant's cross motion for summary judgment dismissing the petition in a
holdover summary proceeding.

Per Curiam.
Order (Clifton A. Nembhard, J.), dated April 30, 2020, modified to deny petitioner's motion
for summary judgment against respondent-undertenant; as modified, order affirmed, with $10
costs.
Respondent-undertenant in this holdover summary proceeding asserts that he is entitled to
succeed to the West 86th Street rent stabilized apartment previously occupied by his mother and
step-father, Vincentine Cortese-Singh and Harbinder Singh, respectively. It is not disputed that
the last lease renewal executed by said tenants was for the period November 1, 2013 through
October 31, 2015. Vincentine died on December 31, 2014, which was during the renewal period.
Harbinder relocated, although the exact date of such relocation is unclear. Nevertheless, [*2]following expiration of the last lease renewal in October 2015,
petitioner served a notice of non-renewal upon Harbinder on nonprimary residence grounds, and
this holdover proceeding ensued. Harbinder did not interpose an answer or defend the possessory
claim against him.
With respect to respondent-undertenant, petitioner's motion for summary judgment should
have been denied. The evidence submitted by petitioner in support of the motion failed to
eliminate all triable issues of fact with respect to respondent's family member succession defense
(see Rent Stabilization Code [9 NYCRR] § 2523.5[b]), including whether
respondent primarily resided with the tenant(s) in the apartment for the requisite two year period
prior to their permanent vacatur. 
Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532 (2012), relied upon by
petitioner, does not dictate a contrary result. Third Lenox and its progeny involve
succession claims where the stabilized tenant continues to execute lease renewals despite having
vacated the apartment and establishing a residence elsewhere. In those situations, courts within
the First Department hold that the date of the "permanent vacating of the housing
accommodation by the tenant," for succession purposes (Rent Stabilization Code [9 NYCRR]
§ 2523.5[b][1]), occurs at the expiration of the last renewal lease. As a result, the proposed
successor has the affirmative obligation to establish that he or she resided with the tenant in the
apartment as their primary residence for a period of no less than two years prior to the expiration
of that last renewal lease (see Matter of Well Done Realty, LLC v Epps, 177 AD3d 427
[2019]). 
In this case, however, petitioner has not shown that tenants vacated the apartment and
continued to execute renewal leases. Indeed, there is no dispute that Vincentine primarily resided
in the apartment at the time of her death, which was during the last lease renewal, and that
Harbinder, who may have already relocated, did not renew the lease after Vincentine died. 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 19, 2021